Filed 8/27/13  P. v. Ashby CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>GERALD A. ASHBY,<br><br>        Defendant and Appellant. | A136489<br><br><br>(Marin County Super. Ct.<br>Nos. SC166224A & SC170379A) |

Appellant Gerald A. Ashby appeals following revocation and reinstatement of his probation, with the condition that he serve nine months in jail or a treatment program. We reverse, concluding the trial court committed prejudicial error in admitting hearsay testimony at the contested hearing on the revocation petition.

BACKGROUND

In September 2009, in case No. SC166224A, appellant pled guilty to one count of misdemeanor petty theft with priors (Pen. Code, § 666) and one count of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)).  The trial court imposed three years' probation.  In July 2010, appellant admitted to violating the conditions of his probation and, in case No. SC170379A, he pled guilty to one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).  The trial court revoked and then reinstated probation in case No. SC166224A, and imposed three years' probation in case No. SC170379A.

In July 2012, a petition for revocation of probation was filed alleging that appellant disturbed the peace (Pen. Code, § 415, subd. (2)) and committed trespass (Pen.

1

Code, § 602, subd. (m)). At the August 2012 contested probation violation hearing, the People's sole witness was the responding police officer, Anthony Augustyn. He testified he responded to a complaint at a motel, where "[t]he hotel staff was calling complaining about an unwanted subject that was refusing to leave the property." When Augustyn arrived, he saw appellant arguing with a motel clerk, although Augustyn could not hear what was being said. Over a hearsay exception, Augustyn testified the clerk said that appellant refused to leave the property. The clerk also said he was willing to sign a citizen's arrest form for trespassing. The hotel manager told Augustyn that appellant had been asked to leave but had refused to do so. Appellant said he had the right to be on the property and was not going to leave. Augustyn arrested appellant.

Appellant testified he was sharing a room at the motel with another guest.

The trial court revoked and then reinstated probation, with the condition that appellant was to serve nine months in county jail or in the Marin Services for Men program. This appeal followed.

DISCUSSION

Appellant contends the trial court erred in admitting Augustyn's hearsay testimony regarding the statements made by the motel clerk and manager. In response to appellant's objection, the court stated, "I'm overruling the objection regarding hearsay for purposes of this hearing. I think sufficient reliability has been established." Citing *People v. Arreola* (1994) 7 Cal.4th 1144 (*Arreola*), the People essentially concede the trial court erred, stating "[t]he case law makes clear that at an adult probation hearing, simply establishing the reliability of testimonial evidence presented through hearsay is insufficient to warrant its admission. The court may admit testimonial hearsay only after taking into account other factors enumerated by the Supreme Court in *Arreola*, including the unavailability of the declarant." The People do not argue that the motel employees were unavailable, or that any other factors supported admission of the hearsay testimony.

2

We conclude the trial court erred in admitting Augustyn's testimony regarding the statements made by the motel employees.[1] (*Arreola*, at pp. 1157-1160.)

The People argue admission of the hearsay was harmless beyond a reasonable doubt. (*Arreola*, *supra*, 7 Cal.4th at p. 1161.) However, as relevant to the allegation of disturbing the peace, nothing in Augustyn's properly admitted testimony supported a finding that appellant "maliciously and willfully disturb[ed] another person by loud and unreasonable noise." (Pen. Code, § 415, subd. (2).) Further, as relevant to the trespass allegation, nothing in Augustyn's properly admitted testimony supported a finding that appellant entered and occupied the motel "without the consent of the owner, the owner's agent, or the person in lawful possession." (Pen. Code, § 602, subd. (m).) The motel employees' hearsay statements imply the absence of consent, although if the employees had testified appellant could have attempted to establish his right to be on the premises based on his assertion that he was sharing a room with another guest—which demonstrates why it is problematic to prove a probation violation through hearsay. Admission of the hearsay in Augustyn's testimony was not harmless beyond a reasonable doubt.

---

[1]  Appellant only objected to the testimony regarding the statement made by the motel clerk, but the People do not dispute that a hearsay objection with respect to the testimony regarding the statement made by the motel manager would have been futile.

## DISPOSITION

The trial court's order sustaining the July 2012 petition for revocation of probation is reversed.

 

SIMONS, Acting P.J.

We concur.

NEEDHAM, J.

BRUINIERS, J.